UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 19-mj-410(1) (BRT)

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **ORDER OF DETENTION** |
| v. | |
| AMANDA MAY WALSH (1), | |
| Defendant. | |

This matter came before the Court on July 3, 2019, for a preliminary hearing and a hearing on the motion of the United States for an Order of Detention as to Defendant Amanda May Walsh (the "Defendant"). Defendant was present and represented by her attorney, John S. Hughes. The United States was represented by Assistant United States Attorney Manda M. Sertich.

Defendant is charged by Complaint with Production and Distribution of Child Pornography in violation of 18 U.S.C. §§ 2251(a) and 2252(a)(2). Defendant knowingly and voluntarily waived the preliminary hearing, and the Court, based on a review of the Complaint and supporting Affidavit, finds the Affidavit contains probable cause for the charged offenses. Defendant was bound over for further proceedings by a United States Grand Jury.

Defendant, through her counsel, knowingly and voluntarily waived the detention hearing and reserved the right to reopen the hearing on the issue of detention at a later date upon motion, depending on a potential change in circumstances around the status of Defendant's bond in State Court. The Defendant does not dispute that this case is subject to a rebuttal presumption that no condition or combination of conditions of bond will reasonably ensure Defendant's appearance in court or the safety of the community. By waiving her right to a detention hearing, the Defendant

has not rebutted the presumption of detention. Accordingly, the Court will grant the Government's motion for detention.

## DISCUSSION

Pursuant to 18 U.S.C. § 3142(e)(3)(E), subject to rebuttal by the defendant, if the Court finds that there is probable cause to believe that the defendant committed an offense involving a minor victim under Section 2251(a)(1), it is presumed that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community. Further, if such presumption is rebutted by a defendant, under 18 U.S.C. §§ 3142(e) and (f), detention may be ordered either upon clear and convincing evidence showing that release will result in a danger to the community or upon a showing by a preponderance of the evidence that release will result in a serious risk of flight or non-appearance. *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

The Court finds that detention is appropriate in this case, based in large part due to the unrebutted presumption of detention in light of the Defendant's knowing and voluntary waiver of her right to a detention hearing.

## CONCLUSION

IT IS HEREBY ORDERED that:

1. The motion of the United States for detention of Defendant is GRANTED;

2. Defendant is committed to the custody of the United States Marshals for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3. Defendant shall be afforded reasonable opportunity to consult privately with her lawyer; and

4.    Upon Order of the Court or request by the United States Attorney, the person in charge of the corrections facility in which Defendant is confined shall deliver her to the United States Marshal for the purpose of appearance in connection with a court proceeding.

Dated:  July 11, 2019                         s/Leo I. Brisbois
                                              Leo I. Brisbois
                                              U. S. MAGISTRATE JUDGE